**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4494**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

TERRANCE GOODMAN, a/k/a Fresh,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:13-cr-00007-D-1)

───────────

Submitted:  March 28, 2014         Decided:  April 11, 2014

───────────

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Neal Gary Rosensweig, P.A., Hollywood, Florida, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Goodman pled guilty, without a plea agreement, to one count of conspiracy to possess with the intent to distribute and distribute heroin, in violation of 21 U.S.C. § 846 (2012), and four counts of distribution of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) (2012) and 18 U.S.C. § 2 (2012). The district court sentenced Goodman to concurrent 125-month terms on each count. In doing so, the district court upwardly departed from a Guidelines range of 57 to 71 months to a range of 120 to 125 months under U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2012), based on the inadequacy of Goodman's criminal history category and his risk of recidivism. In addition, the district court stated that even if its Guidelines calculations were incorrect or the upward departure was erroneous, it would impose the same sentence as a variance under the factors set forth in 18 U.S.C. § 3553(a) (2012). Goodman timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether Goodman's guilty plea was knowing and voluntary and challenging a four-level enhancement under USSG § 3B1.1(a) for Goodman's role as a leader or organizer of the criminal activity, and the reasonableness of Goodman's above-Guidelines range sentence. In his pro se

2

supplemental brief, Goodman challenges the validity of his sentence and argues that he was denied effective assistance of counsel at sentencing. For the reasons that follow, we affirm.

Goodman did not seek to withdraw his guilty plea in the district court. Therefore, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard, [Goodman] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the plea hearing transcript revealed no errors and that the district court fully complied with Rule 11 and properly ensured that Goodman's guilty plea was knowing and voluntary and supported by a sufficient factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Goodman's sentence, the district court imposed the 125-month sentence as an upward departure sentence and, alternatively, as a variance sentence. "[A] sentencing court has flexibility in fashioning a sentence outside of the Guidelines range." United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (citing Rita v. United States, 551 U.S. 338, 356 (2007)). When the district court imposes either a variance or a departure sentence, this Court "consider[s] whether the sentencing court acted reasonably both with respect

to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A larger variance requires more substantial justification. Diosdado-Star, 630 F.3d at 366. We will affirm a variant sentence if "the § 3553(a) factors, on the whole, justified the sentence" imposed. Id. at 367 (internal quotation marks omitted).

In fashioning the 125-month sentence, the court took into account Goodman's pattern of receiving lenient punishment for his crimes and then quickly reoffending upon release, his history of violence and involvement with weapons, his pride in his gang membership and leadership, and the seriousness of his offenses of conviction. The court credited the fact that Goodman received a GED and was intelligent, but found that these positives were countered by his "extraordinary level of violence and almost certain likelihood, 100 percent, of recidivism." All of these considerations by the court speak directly to several § 3553(a) factors. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). Given the district court's consideration of the parties' arguments and the § 3553(a) sentencing factors, and its articulation of reasons linked to § 3553(a) that justified the imposition of an upward variance sentence, we defer to the district court's determination as to the extent of

4

the variance.  United States v. Hargrove, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from zero-to-six-month Guidelines range to sixty-month sentence), cert. denied, 133 S. Ct. 2403 (2013); Diosdado-Star, 630 F.3d at 366-67 (affirming variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors).  We conclude that the district court acted reasonably in imposing the variance sentence.

Where, as here, a district court offers alternate and independent rationales for a sentence outside the Guidelines range, we will uphold the sentence if one of the justifications is reasonable even if we find fault with the other.  United States v. Rivera-Santana, 668 F.3d 95, 104 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012);  United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008).  Therefore, assuming without deciding that there was error in the Guidelines calculations or the upward departure, or both, we nevertheless conclude that Goodman's sentence is reasonable because the district court explicitly stated that it would apply the same sentence as an alternative variance sentence considering the § 3553(a) factors, and the variance sentence is reasonable.

In accordance with Anders, we have thoroughly reviewed the record and conclude that there are no meritorious grounds

5

for appeal.[*]  We therefore affirm the judgment of the district court.  We deny counsel's motion to withdraw.  This court requires that counsel inform Goodman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Goodman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goodman.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We have considered the issues raised in Goodman's pro se supplemental brief and conclude that they are without merit.

6